UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO.

MICHAEL J.  HOLT,                                  )
                                                   )
     Plaintiff                                     )
                                                   )
V.                                                 )
                                                   )
RAYTHEON TECHNOLOGIES CORPORATION )
RAYTHEON NON-BARGAINING                            )
     RETIREMENT PLAN                               )
RAYTHEON COMPANY PENSION PLAN                      )
     FOR SALARIED EMPLOYEES f/k/a                  )
     TI EMPLOYEES PENSION PLAN                     )
KELLY P. LAPPIN, ADMINISTRATOR                     )
                                                   )
     Defendants                                    )

## COMPLAINT

## PARTIES

1.    Plaintiff is Michael J. Holt ("Mr. Holt") an individual having a usual place of residence at

    Oro Valley, Arizona.

2.    Defendant Raytheon Technologies Corporation ("Raytheon") is a Delaware corporation

    having a usual place of business at 870 Winter Street, Waltham, Massachusetts.

3.    Defendant is a defined benefit plan identified as the Raytheon Non-Bargaining

    Retirement Plan ("Raytheon Retirement Plan") having a usual place of business as 870

    Winter Street, Waltham, Massachusetts.

4.    Defendant is a defined benefit plan identified as the Raytheon Company Pension Plan for

    Salaried Employees f/k/a TI Employees Pension Plan ("TI Pension Plan") having a usual

    place of business as 870 Winter Street, Waltham, Massachusetts

5.    Kelly P. Lappin is identified on form 5500 filed with the Secretary of Labor as an

Administrator ("Administrator") for various Raytheon pension plans having a usual place of business as 870 Winter Street, Waltham, Massachusetts and is an ERISA administrator for the Raytheon Retirement Plan and TI Pension Plan.

## JURISDICTION AND VENUE

6.   This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et. seq.* and is brought pursuant to ERISA §502(a)(2) and (3) to enforce various provisions of ERISA.

7.   Jurisdiction is conferred 29 U.S.C. §§1132(e) (1) (f) and 29 U.S.C. §§185(a)-(c).

8.   Venue lies in this district pursuant as all defendants have a place of business in the eastern division of this Judicial District.

## STATEMENT OF THE FACTS

### The Plans And Mr. Holt's Employment History With Raytheon.

9.   The Raytheon Retirement Plan and TI Pension Plan are collectively referred to as the Plans.

10.   The Plans are part of the Raytheon Master Pension Trust.

11.   The Plans are sponsored by Raytheon and administered by one or more employees of Raytheon.

12.   The Plans are "employee pension benefit plans" within the meaning of ERISA§ 3(2)(A), 29 U.S.C. § 1002(a)(A), and defined benefit plans within the meaning of ERISA§ 3(35), 29 U.S.C. § 1002(35).

13. The Plans' assets are pooled and held in the Master Trust, which Raytheon established to invest the Plans' assets.

14. All participants and beneficiaries of the Plans are current and former employees of Raytheon or its subsidiaries and affiliates, spouses of current and former employees or other beneficiaries.

15. In general, under the Plans, participants are entitled to receive monthly benefits that begin at the normal retirement date around the participant's 65th birthday.

16. Texas Instruments, Inc. first employed Mr. Holt on June 8, 1981 through April 1, 1995.

17. Mr. Holt was a participant in the defined benefit plan identified as the TI Employees Pension Plan and was fully vested as of April 1, 1995.

18. In 1997 Raytheon acquired Texas Instruments' Defense Systems and Electronics Unit.

19. On June 28, 1999 Raytheon employed Mr. Holt.

20. As an employee of Raytheon, Mr. Holt has received Service Awards from Raytheon at 20, 25 and 30 years of combined service for years of employment including both Texas Instruments, Inc. and Raytheon.

**The Pension Retirement Underpayment**

21. On or about September 29, 2017 Mr. Holt sought a retirement kit from Raytheon.

22. Raytheon and the Plans notified that Mr. Holt that his expected pension had been calculated based on employment at Raytheon Company in 1999 and not including a period of service beginning on June 9, 1981.

23. Both the Plans and Raytheon incorrectly asserted that Mr. Holt accepted $30,000.16 as a lump sum payment on May 1, 1995 and on receipt of that payment, Mr. Holt surrendered and release certain pension rights.

24.     Mr. Holt timely challenged the Plans and Raytheon's assertions that je had  accepted a lump sum payment in consideration of surrendering rights under the TI Employees Pension Plan and any related Plans.

25.     Neither Raytheon nor the Plans, or other individuals acting on their behalf, were able to provide reasonable documentary proof that a lump sum payment had been made to Mr. Holt nor other reasonably reliable documents supporting Raytheon's and the Plans' contention that Mr. Holt had been paid $30,000.16.

26.     On or about October 2, 2018 both the Plans and Raytheon issued an adverse-benefit determination letter.

27.     Mr. Holt timely appealed the October 2, 2018 adverse-benefit determination.

28.     Mr. Holt provided documentation in support of his appeal and demonstrated that Raytheon's and the Plans' representation were based on speculation and no documentary support verified Raytheon's and the Plans' contentions.

29.     The time between when Mr. Holt left Texas Instruments, Inc. and was employed by Raytheon Company was fewer than five years.

30.     The Plans' and Raytheon's statement of pension benefit calculations dated September 6, 2017 correctly stated Mr. Hot's "original date of hire" as June 8, 1981.

31.     The Plans' and Raytheon's documents correctly stated "Service Award Date" as August 5, 1985 which correctly reflected the time of service at Texas Instruments, Inc.

32.     The Plans should be paying monthly retirement benefits to Mr. Holt based on service dating back to his first date of employment with Texas Instruments, Inc., on June 8, 1981 as adjusted to August 8, 1985.

33.     Mr. Holt cooperated with Raytheon's and the Plan's request to secure copies of

documents verifying that he had never been paid $30,000.16 as a lump sum.

34.    Raytheon and the Plans reaffirmed their prior denials and advised Mr. Holt that his only

other remedy was to file suit on or before July 11, 2020.

35.    Mr. Holt has exhausted all mandatory pre-suit obligations prior to filing suit.

36.    The Plans have been substantially underpaying monthly pension benefits to Mr. Holt

since his first date of retirement on January 31, 2020 based on an initial hire date of June

8, 1981 adjusted to August 5, 1985 under the term of the Plans.

## COUNT I

## DECLARATORY AND EQUITABLE RELIEF AGAINST RAYTHEON AND THE

## ADMINISTRATOR

## (ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3))

37.    Plaintiff restates all prior paragraphs as if set forth herein again.

38.    Raytheon is a fiduciary within the meaning of 29 U.S.C. §1002(21)(A) because it is the

plan sponsor, statutory administrator, named fiduciary, and has exercised authority or

control over management and disposition of assets of the Plans.

39.    The Administrator owes fiduciary duties to Mr. Holt under the Plans.

40.    One of the many fiduciary duties owed to ERISA plan participants and beneficiaries is a

duty to "convey complete and correct material information to a beneficiary," including a

"duty to communicate to the beneficiary material facts affecting the interest of the

beneficiary which he knows the beneficiary does not know and which the beneficiary

needs to know...." *Krohn v. Huron Mem. Hosp.*, 173 F.3d 542, 548 (6th Cir. 1999).

41.    A fiduciary breaches its duties by materially misleading plan participants, regardless of

whether the fiduciary's statements or omissions were made negligently or intentionally. *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996).

42.   Raytheon asserted in writing that Mr. Holt received a lump sum payment of $30,000.16 in consideration of surrendering rights under a prior pension plan and that assertion is factually inaccurate.

43.   At all times material hereto, Raytheon had an obligation to provide accurate information to others regarding information impacting Mr. Holt's pension rights.

44.   Each defendant has a fiduciary duty pursuant to ERISA Section 404(a)(1), 29 U.S.C. §1104(a)(1) to refrain from acting in an arbitrary and capricious manner, from conducting the affairs of the Plan for any reason other than for the exclusive benefit of the participants.

45.   Raytheon provided materially inaccurate information to the Plans and as a result, the Plans are paying to Mr. Holt a decreased monthly pension based on 20 years of service rather than the actual adjusted service date beginning August 8, 1985.

46.   ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), authorizes a participant or beneficiary to bring a civil action to: "(A) enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan."

47.   Raytheon and the Administrator are liable to Mr. Holt for the diminution of his decreased monthly pension payments and other amounts recoverable as a matter of equitable remedies under ERISA including surcharge, reformation, surcharge or other recognized equitable remedies to make Mr. Holt whole.

## COUNT II

## RECOVERY OF BENEFITS FROM THE PLANS

## (ERISA § 502(a)(1)(B) 29 U.S.C. § 1132(a)(B))

48.     Plaintiff restates all prior paragraphs as if set forth herein again.

49.     Under ERISA Section 502(a)(1)(B) — 29 U.S.C. §1132(a)(1)(B) and (3)—provides that

a plan participant may bring an action to seek to recover benefits due him under the terms

of the Plans to enforce rights under the Plans or to clarify rights to past to obtain other

appropriate equitable relief to redress such violation or to enforce any provision of

ERISA or term of the Plan.

50.     The Plans have denied, and continue to deny, accrued and vested benefits to Mr. Holt of

various provisions of ERISA as specified herein, by implementing and interpreting the

rules in a contradictory an inconsistent manner, and refusing to credit him for all his years

of service.

51.     The Plans improperly reduced Mr. Holt's benefits and owe him sums of money dating back

to his date of retirement.

52.     Because the Plans' refusal and failure to pay to Mr. Holt pension  benefits provided to him

Mr. Holt may have relief against the Plans to recover benefits due to him under the Plans

and to enforce his rights to benefits under the Plans and to clarify his rights to future benefits

under the Plans under 29 U.S.C. § 1132 (a)(1)(B).

## COUNT III

## (AWARD OF ATTORNEYS' FEES AND COSTS)

## (ERISA, 29 U.S.C. § 1132 (g))

53.     Plaintiff restates all prior paragraphs as if set forth herein again.

54.     Each defendant has caused Mr. Holt to incur attorneys' fees and costs, and will cause him

to incur additional fees and costs, Mr. Holt may recover under 29 U.S.C. § 1132 (g),

costs, including reasonable attorneys' fees and interest at the Massachusetts statutory rate

of 12% simple interest per annum on all back due benefits.


WHEREFORE, plaintiff MICHAEL J. HOLT demands relief and judgment, jointly and

severally, against the defendants as follows:


1.      In an amount of damages (or if damages not available, then equitable monetary relief) to

be determined by this Court, plus pre-judgment interest, post-judgment interest, costs and

reasonable attorneys' fees allowed by statute or otherwise.

2.      Injunctive relief declaring the rights and duties of the plaintiff and defendants with

respect to past benefits owed to the plaintiff, and future benefits to be paid to the plaintiff.

3.      Other equitable relief, including, re-calculation, correction and payment of benefits

wrongfully withheld; reformation;  surcharge; an accounting of all prior benefits and

payments; disgorgement; an equitable lien; a constructive trust; an injunction against

further violations; or other equitable remedies available to make the plaintiff whole.

4.      Attorneys' fees, costs and interest as permitted under ERISA § 502(g), 29 U.S.C.

§1132(g).

4.      For such other legal or equitable relief as this Court deems just and proper.

MICHAEL J. HOLT
By His Attorneys,

*/s/ Jonathan M. Feigenbaum*

_____
Jonathan M. Feigenbaum, Esq.
B.B.O. #546686
184 High Street
Boston, MA 02110
Tel. No. (617) 357-9700
Fax: (617) 227-2843
Jonathan@erisaattorneys.com