UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL J. HOLT, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | 20-11244-FDS |
| v. ) | |
| ) | |
| RAYTHEON TECHNOLOGIES ) | |
| CORPORATION; RAYTHEON NON- ) | |
| BARGAINING RETIREMENT PLAN; ) | |
| RAYTHEON COMPANY PENSION PLAN ) | |
| FOR SALARIED EMPLOYEES; and ) | |
| KELLY LAPPIN, ADMINISTRATOR, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND COSTS**

**SAYLOR, C.J.**

This is a petition for attorney's fees and costs arising out of claims by Michael Holt, a former Texas Instruments and Raytheon employee, under the Employee Retirement Income Security Act ("ERISA"). 29 U.S.C. § 1001, *et seq*. The Court denied defendants' motion for summary judgment and remanded Holt's claims to the plan administrator. Holt now moves, pursuant to 29 U.S.C. § 1132(g)(1), for an award of $126,280 in attorney's fees and $1,597.20 in costs.

For the following reasons, Holt's motion will be granted in part and denied in part. The Court will award plaintiffs reasonable attorney's fees in the amount of $93,028.25 and costs of $1,597.20.

**I.    Background**

Raytheon Technologies Corporation is a corporation principally engaged in the aerospace

and defense industry. Michael J. Holt is a retiree who formerly worked at Raytheon.

On June 6, 2022, Holt filed the complaint in this action. In substance, he alleged that his Raytheon pension benefits did not account for his years of service at Texas Instruments prior to its acquisition by Raytheon. He advanced three claims. Count 1 alleged that he was entitled to equitable and declaratory relief against Raytheon and the pension-plan administrator under 29 U.S.C. § 1132(a)(3) and ERISA § 502(a)(3). Count 2 alleged that he was entitled to recover benefits from the Texas Instruments pension plan and the Raytheon retirement plan under ERISA § 502(a)(1)(B). Count 3 alleged that he was entitled to attorney's fees and costs under 29 U.S.C. § 1132(g).

Holt has been represented in this litigation by Jonathan Feigenbaum, a solo practitioner based in Boston.

The parties cross-moved for summary judgment on June 23, 2021. The Court denied the motions for summary judgment and remanded the matter to the plan administrator on March 31, 2022. That decision rested largely on the inadequacy of the administrative record for a conclusive decision. The Court further concluded that, in light of remand to the administrator, Holt's claim for equitable relief was premature.

Holt has moved for an award of $126,280 in attorney's fees and $1,597.20 in costs. In response, defendants contend (1) that time spent on equitable relief claims should not count because Holt has not achieved any degree of success on those claims; (2) that a partial reduction on the benefit claim should be given because the relief granted was less than the relief sought; (3) that counsel's proposed $800 hourly rate is unreasonable; and (4) that time spent on the fee motion should be discounted.

**II.     Analysis**

    **A.     Reasonable Attorney's Fees**

Plaintiff requests attorney's fees of $126,280 for 157.85 hours of work. He also requests costs of $400 for his filing fee and $1197.20 for taking a deposition.

A remand to a plan administrator may entitle a plaintiff to attorney's fees. *Cottrill v. Sparrow, Johnson & Ursillo, Inc.*, 100 F.2d 220, 225 (1st Cir. 1996). There is no dispute between the parties that plaintiff is entitled to some amount of attorney's fees in connection with the remand.

        **1.     Standard for Calculating Reasonable Attorney's Fees**

In ERISA actions, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Courts in the First Circuit generally follow the so-called "lodestar" method for evaluating the reasonableness of a fee application. *See Tennessee Gas Pipeline Co. v. 104 Acres of Land*, 32 F.3d 632, 634 (1st Cir. 1994). The lodestar method involves "multiplying the number of hours productively spent by a reasonable hourly rate to calculate a base figure." *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 336 (1st Cir. 2008) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). In determining that base figure, the first step is to calculate the number of hours reasonably expended by the attorneys for the prevailing party, excluding those hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. At this step, "the court has a right—indeed, a duty—to see whether counsel substantially exceeded the bounds of reasonable effort." *United States v. Metro. Dist. Comm'n*, 847 F.2d 12, 17 (1st Cir. 1988) (quotation omitted). The fee applicant bears the burden of proving that the number of hours expended is reasonable. *See Torres-Rivera*, 524 F.3d at 340.

The second step is to determine a reasonable hourly rate as benchmarked to the

"prevailing rates in the community" for lawyers of like "qualifications, experience, and specialized competence." *See Gay Officers League v. Puerto Rico*, 247 F.3d 288, 295 (1st Cir. 2001). In determining a reasonable hourly rate, a court must consider "the type of work performed, who performed it, the expertise that it required, and when it was undertaken." *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 951 (1st Cir. 1984). The applicant bears the burden to produce evidence establishing the prevailing rates in the community. *See Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984).

The court may then adjust the lodestar amount upward or downward based on a number of factors. *See Spooner v. EEN, Inc.*, 644 F.3d 62, 68 (1st Cir. 2011). Those factors include

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Diaz v. Jiten Hotel Mgmt.*, 741 F.3d 170, 177 n.7 (1st Cir. 2013) (quoting *Hensley*, 461 U.S. at 430 n.3).

### 2. Time Spent

Plaintiff requests compensation for 157.85 attorney hours. His motion contains an affidavit from attorney Feigenbaum setting forth his time records. (*See* Pl. Ex. 1).

The Court has reviewed the billing records and affidavit provided by attorney Feigenbaum. Under the circumstances, and as a general matter, the hours requested are not "excessive, redundant, or otherwise unnecessary" and counsel spent a reasonable amount of time litigating this case. *Hensley*, 461 U.S. at 434. The Court sees no need to apply a global reduction based on Feigenbaum's recording practices. *Cf. Ellicott v. American Cap. Energy,*

*Inc.*, 2017 WL 1224537, at *2-3 (D. Mass. Apr. 3, 2017).  The time records also show that while the vast majority of time was consumed with "core" legal work, he also spent time on some "non-core" legal work, such as telephone conversations, letter writing, and scheduling.  *See Brewster v. Dukakis*, 3 F.3d 488, 492 n.4 (1st Cir. 1993).  Rather than designating each item in those records as core or non-core work, the Court will apply a slight reduction across the board, as set forth below.

Defendants contend that a further reduction is appropriate in two respects.  First, defendants contend that a downward adjustment should be made under § 502(a)(1)(B).  Second, defendants contend that counsel should not recover for the time spent researching and preparing plaintiff's equitable claims.

A remand to a plan administrator to reconsider a plaintiff's entitlement to benefits "ordinarily will reflect the court's judgment that the plaintiff's claim is sufficiently meritorious that it must be reevaluated fairly and fully."  *Gross v. Sun Life Assur. Co. of Canada*, 763 F.3d 73, 78 (1st Cir. 2014).  Where "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount."  *Hensley*, 461 U.S. at 436.  If unsuccessful claims are linked to a successful claim through a "common core of facts," then "the award may include compensation for legal work performed on the unsuccessful claims."  *Garrity v. Sununu*, 752 F.2d 727, 734 (1st Cir. 1984) (internal quotations omitted).

Here, plaintiff achieved success on his claim under § 502(a)(1)(B) because it was remanded to the plan administrator.  *See Gross*, 763 F.3d at 78 ("[A] remand for a second look at the merits of [a plaintiff's] benefits application is often the best outcome that a claimant can reasonably hope to achieve.").  As in *Gross*, the decision to remand will allow the plan

administrator to consider additional evidence, such as testimony concerning the existence (or nonexistence) of spousal consent to waive benefits and the nature of Raytheon's payment records.  *Id.* ("[T]he district court has now ordered [the plan administrator] to render a new decision that includes reconsideration of . . . evidence that was not fairly examined during the original administrative process.").  Here, given the deficiencies in the administrative record, remand was probably the best result for which plaintiff could have reasonably hoped.  The Court therefore will not reduce the amount of time spent on the § 502(a)(1)(B) claim for lack of success.

Next, defendants contend that plaintiff should not recover attorney's fees for time spent preparing his equitable claims.  This Court found that ruling on the equitable claims would be premature.  A plaintiff may obtain attorney's fees for claims unaddressed in a court's decision if those claims "included 'a common core of facts,' or were 'based on . . . legal theories [related] to . . . the successful claim."  *Garrity*, 752 F.2d at 734 (quoting *Hensley*, 461 U.S. at 435).  "Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis."  *Hensley*, 461 U.S. at 435.  Defendants argue that such a division is possible.  (Defs. Mem. at 2).

Plaintiff's § 502(a)(1)(B) and § 502(a)(3) claims have a common core of facts—he alleged that Raytheon unjustly deprived him of his earned pension benefits.  Counsel's time spent preparing equitable claims should therefore be viewed as part of an overall litigation strategy.  Rather than trying to parse each claim in the records of counsel, the Court will instead award fees for the equitable claims with an appropriate reduction based on the lack of success on that claim.

Finally, defendants contend that plaintiff should not be awarded attorney's fees for the six

hours spent preparing the motion for fees. (*Id.* at 6). Defendants allege that they notified counsel prior to his filing the motion for attorney's fees that they were interested in discussing a global settlement of the case. (*Id.*). Defendants further contend that, in light of their open offer for a global settlement, counsel's time spent on the motion for attorney's fees was neither necessary nor reasonable. (*Id.*).

There are several problems with that argument. Defendants have not provided any information concerning the timing of their offer, any detail as to whether the settlement offer was so reasonable as to render any motion for attorney's fees unreasonable, or any information regarding counteroffers from the plaintiff. A party cannot expect its opponent to pause its litigation efforts entirely merely because an offer to discuss settlement is on the table. "In sum, even though the Court likely has the authority to consider settlement discussions on an attorney's fee motion, here evidence of those discussions is not properly before the Court and is too scant to make a difference." *Dinan v. Alpha Networks*, 2015 WL 1737734, at *8 (D. Me. Apr. 16, 2015). However, because fee applications "require less legal analysis," the Court will apply an appropriate reduction to counsel's rate for his six hours preparing the fee application. *Diffenderfer v. Gomez-Colon*, 606 F. Supp. 2d 222, 226 (D.P.R. 2009).

Accordingly, after careful consideration of the records, the Court will not modify its calculation based on the hours reasonably expended. Rather, it will modify its calculation using a global reduction to account for plaintiff's lack of success on the § 502(a)(3) claim.

### 3.   Reasonable Hourly Rate

Plaintiff requests an hourly rate of $800 for counsel's time. The reasonableness of an hourly rate cannot be presumed; it is the applicant's burden to demonstrate that a requested rate is reasonable. *See Blum*, 465 U.S. at 896 n.11. According to his affidavit, attorney Feigenbaum has been practicing law for about 27 years and focuses his practice on employee-benefit issues.

(Feigenbaum Aff. ¶¶ 4; 5).  He states that he has litigated hundreds of ERISA cases and prevailed in various circuit and district court decisions.  (*Id.* ¶¶ 49; 50).  He further states that ERISA litigation is highly complex and requires him to spend about one hour per day reading cases, regulatory materials, and blogs without billing clients.  (*Id.* ¶ 57).  Beginning on January 1, 2022, he set his rate at $800 per hour after maintaining it at $700 per hour since 2019.  (*Id.* ¶¶ 63; 64).  He contends that this rate is reasonable based on his experience and because an attorney with whom he collaborates, who has fewer years of experience, was awarded attorney's fees at a rate of $990 per hour in a case that was transferred to the Western District of Texas.  (*Id.* ¶ 66).  He also provided declarations from ten employment attorneys who state that $800 per hour is a reasonable rate for plaintiff-side ERISA litigation by attorneys of similar experience in the Boston area.  (*See generally* Aff. 10 Supp. Declr.).

While this Court acknowledges both the complexity of and limited attorney pool for plaintiff-side ERISA cases, plaintiff has not carried his burden to demonstrate that the $800 rate is reasonable.  *See Blum*, 465 U.S. at 896 n.11.  The Court has no reason to doubt that attorney Feigenbaum is a capable counsel with considerable experience in the subject matter of this case.  Conclusory affidavits and cases involving different issues in other jurisdictions, however, are insufficient to establish the prevailing market rate.  Further, the bulk of litigation in this case occurred before Feigenbaum raised his hourly rate to $800.  Accordingly, the Court will reduce the requested rate to $700.  *See Solari v. Partners HealthCare Sys., Inc.*, No. 1:19-cv-11475-LTS (D. Mass. May 19, 2021).

### 4.  Adjustments

As explained earlier, the Court will adjust plaintiff's fees in two ways.  First, the Court will reduce the hourly rate for time spent preparing the fee application by 25%, reflecting the relatively simple legal analysis required for fee applications.  *See Diffenderfer*, 606 F. Supp. 2d

at 226. Second, the Court will apply a global reduction of 15% to account for counsel's time spent on non-core legal work and plaintiff's lack of success on his equitable claims. *See Brewster*, 3 F.3d at 492 (reducing fees for non-core work by half). Rather than examine the time records in excessively granular detail, the Court will use a global reduction based on an assessment of time records, the parties' memoranda, the novelty and difficulty of the case, and the plaintiff's partial success at summary judgment. *See Torres-Rivera*, 524 F.3d at 340 (1st Cir. 2008) (upholding a district court's decision to make a 15% global reduction in attorneys' fees).

In summary, the Court will award reasonable attorney's fees in the amount of $93,028.25. This amount reflects a rate of $700 per hour, a 25% reduction to Feigenbaum's hours spent on the fee application, and a global reduction of 15% accounting for other factors.

### B.   Costs

Plaintiff requests costs of $1597.20. (Pl. Mem. at 2). In ERISA actions, a court may award costs to either party. 29 U.S.C. § 1332(g)(1). Here, plaintiff's costs appear reasonable, and the defendants do not dispute the requested costs. The Court will therefore award the requested amount.

### III.   Conclusion

For the foregoing reasons, plaintiff's motion for attorney's fees and costs is GRANTED in the amount of $93,028.25 in fees and $1,597.20 in costs, and is otherwise DENIED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated: October 11, 2022          Chief Judge, United States District Court

## **ATTACHMENT 1**

|  |  | **Hours** |  | **Rate** | **Total** |
|---|---|---|---|---|---|
|  | Attorney Feigenbaum | 151.85 | 6 | $700 | $110,495.00 |
| 25% Fee Application Hours Reduction |  |  |  |  | $109,445.00 |
| 15% Global Reduction |  |  |  |  | $93,028.25 |
| **Total Fee Award** |  |  |  |  | **$93,028.25** |
|  |  |  |  |  |  |
| **Total Cost Award** |  |  |  |  | **$1,597.20** |